IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: TOWN SPORTS INTERNATIONAL, *et al.*, | ) Chapter 11 ) ) Bankruptcy Case No. 20-12168 (CTG) |
| Debtors. | ) ) |
| RAMON MORENO-CUEVAS, | ) ) ) |
| Appellant, | ) ) |
| v. | ) C.A. No. 23-472 (MN) ) |
| TOWN SPORTS INTERNATIONAL, LLC, | ) ) ) |
| Appellee. | ) |

**<u>MEMORANDUM OPINION</u>**

Ramon Moreno-Cuevas, Hartford, CT – *Pro se* appellant.

Robert S. Brady, Sean T. Greecher, Allison S. Mielke, Timothy R. Powell, Y<small>OUNG</small> C<small>ONAWAY</small> S<small>TARGATT</small> & T<small>AYLOR</small>, LLP, Wilmington, DE – Counsel to appellee Town Sports International, LLC.

February 29, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

The pending motion relates to the Bankruptcy Court's April 24, 2023 Order (B.D.I. 1423)[1] ("the April Order"), which denied *pro se* appellant, Ramon Moreno-Cuevas's Motion to Lift the Automatic Stay Under § 362(a) (B.D.I. 1405), by which Appellant sought leave from the automatic stay to proceed with an action against debtor Town Sports International, LLC ("Town Sports") pending in the U.S. District Court for the District of Connecticut. Appellant appealed the April Order to this Court, and this Court issued an Order (D.I. 22) ("the Order") and accompanying Memorandum (D.I. 21) affirming the April Order. Appellant subsequently appealed the Order to the U.S. Court of Appeals for the Third Circuit. Pending before the Court is Appellant's motion for a stay of the Order pending his appeal to the Third Circuit (D.I. 25) ("the Stay Motion"). For the reasons set forth herein, the Court will deny the Stay Motion.

**I.      BACKGROUND**

Based on the limited issue before the Court, only a brief history of the dispute is set forth herein. Town Sports and its debtor affiliates (collectively, "the Debtors") operated 186 fitness clubs in the United States. On September 14, 2020 ("the Petition Date"), Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code. Prior to the chapter 11 filing, on November 14, 2019, Appellant filed a lawsuit against Town Sports and certain related non-debtor parties in the U.S. District Court for the District of Connecticut. *See Moreno-Cuevas v. Town Sports Int'l (TSI)*, Case No. 3:19-cv-01803-KAD (D. Conn. Nov. 14, 2019) ("the Connecticut Action"). The dispute arises out of a purported sublease agreement between Town Sports d/b/a New York Sports Club ("NYSC") and Appellant for office space at a NYSC facility in West Hartford, Connecticut. Appellant's 183-page, fifteen count complaint, which includes 153-pages

---

[1]      The docket of the chapter 11 cases captioned *In re Town Sports International, LLC*, No. 20-12168 (CTG) (Bankr. D. Del.), is cited herein as "B.D.I. __."

of exhibits, generally contends that Town Sports/NYSC rescinded the sublease agreement without cause after Appellant had already moved equipment into the office space, and that they improperly locked Appellant out of the office space and would not return items necessary for his business. (D.I. 12 at 3).

Prior to the Petition Date, Town Sports and other defendants to the Connecticut Action filed a motion to dismiss ("the Connecticut MTD"), asserting, among other things, that Appellant's claims were barred by collateral estoppel and *res judicata* and under the *Rooker-Feldman* doctrine because judgment had already been entered for the Debtors in a prior action Appellant had brought in state court. *See Moreno-Cuevas v. Town Sports Int'l (TSI)*, Case No. 3:19-cv-01803-KAD (D. Conn. Apr. 30, 2020), ECF No. 39.  The Connecticut MTD was pending when the Debtors' chapter 11 filing stayed the Connecticut Action.  Other defendants filed a motion to stay all proceedings in the Connecticut Action, given that Town Sports had been defending on behalf of all defendants, and that motion was granted on March 8, 2021.

On October 29, 2020, the Bankruptcy Court entered an order ("the Bar Date Order") establishing 11:59 p.m. on December 1, 2020 as the deadline ("the General Bar Date") by which all claimants whose claims are listed as contingent, unliquidated, and disputed on the Debtors' schedules must file proofs of claim in the chapter 11 cases.  On October 30, 2020, the Debtors filed the notice required by the Bar Date Order ("the Bar Date Notice").  On October 29, 2020, Town Sports filed its Schedules of Assets and Liabilities and Statements of Financial Affairs, listing Appellant as holding a contingent, unliquidated, and disputed claim relating to the Connecticut Action.  On November 5, 2020, the Debtors' claims and noticing agent served Appellant with the Bar Date Notice, a personalized proof of claim form, related instructions, and a postage pre-paid envelope.  Appellant never filed a proof of claim in the chapter 11 cases.

According to Appellant, his failure to file a proof of claim in the chapter 11 cases was purposeful as filing a proof of claim otherwise would have resulted in losing his right to a jury trial. (*See* D.I. 12 at 9-10).

On December 18, 2020, the Bankruptcy Court entered an order ("the Confirmation Order") confirming a Plan. Appellant did not object to the Plan or entry of the Confirmation Order. The effective date of the Plan occurred on December 22, 2020 ("the Effective Date"). Following the Effective Date, the automatic stay imposed by § 362 of the Bankruptcy Code ("the Automatic Stay") was replaced with the Plan's injunction (Article IX.F) ("the Plan Injunction"). The administrator appointed under the Plan worked to reconcile the claims filed in the chapter 11 cases, including general unsecured claims, and made distributions to creditors entitled to receive such distributions.

Appellant filed four motions for relief from the automatic stay, seeking to proceed with the Connecticut Action, all of which were denied by the Bankruptcy Court. (*See* D.I. 21 at 4-6 (summarizing extensive motion practice). On April 24, 2023, the Bankruptcy Court held a hearing ("the April Hearing") to consider Appellant's Fourth Motion for relief from the automatic stay and issued a Bench Ruling denying the Fourth Motion. (*See* B.D.I. 1432 ("the April Transcript") at 10:4-15:10). As a technical matter, the Bankruptcy Court noted, the automatic stay terminated when the Plan was confirmed. (*Id*. at 13:5-10). Because the automatic stay and Plan Injunction operate in a very similar fashion, the Bankruptcy Court treated Appellant's motion for relief from the stay as a motion for relief from the Plan Injunction. (*See id*.). Because Appellant failed to file a proof of claim, and because such a filing was the "exclusive mechanism" for recovering on account of Appellant's prepetition claims and causes of action, the Bankruptcy Court found no cause to grant Appellant relief from the Plan Injunction to proceed with the Connecticut Action.

3

(*See id.* at 13). The Bankruptcy Court overruled Appellant's additional arguments on the basis that he failed to raise them prior to Plan confirmation. (*See id*. at 13:20-14:25). On April 24, 2023, the Bankruptcy Court entered the April Order memorializing its Bench Ruling and denying the Fourth Motion. Thereafter, Appellant filed his appeal of the April Order. (D.I. 2). On December 23, 2023, this Court issued its Order affirming the April Order.

Following entry of the Order, the Bankruptcy Court entered an order and final decree (B.D.I. 1468) ("the Final Decree") closing the Debtors' last remaining chapter 11 case. As of January 31, 2024, the Debtors were finalizing the wind up of their businesses, including filing final tax returns. (*See* Final Decree at 2 (authorizing, among other things, the Debtors to close all bank accounts, file final tax returns, destroy books and records, and dissolve)).

Appellant subsequently appealed this Court's Order to the Third Circuit. (D.I. 27). On December 29, 2023, Appellant filed his Stay Motion, seeking a stay of this Court's Order pending his appeal to the Third Circuit. The Court has considered Appellees' opposition thereto (D.I. 31), and no reply was filed. The Court did not hear oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

## II.    JURISDICTION AND STANDARD OF REVIEW

Under rule 8025 of the Federal Rules of Bankruptcy Procedure, a court may stay entry of an order pending appeal to preserve the status quo. *See Nken v. Holder*, 556 U.S. 418, 429 (2009); *In re Zohar III, Corp.*, 2019 WL 6910285, at *8 (D. Del. Dec. 19, 2019) ("The fundamental purpose of a stay pending appeal is the preservation of status quo") (citing *In re W.R. Grace & Co.*, 2008 WL 5978951, at *6 (D. Del. Oct. 28, 2008). To prevail, a movant must establish that a stay is warranted based on the following criteria: (i) whether the movant has made a "strong showing" that it is likely to succeed on the merits; (ii) whether the movant will be irreparably

4

injured absent a stay; (iii) whether a stay will substantially injure other interested parties; and (iv) where the public interest lies. *Republic of Phil. v. Westinghouse Electric Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). The most critical factors, according to the Supreme Court, are the first two: whether the stay movant has demonstrated (1) a strong showing of the likelihood of success, and (2) that it will suffer irreparable harm—the latter referring to harm that cannot be prevented or fully rectified by a successful appeal. *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal citations omitted). The Court's analysis should proceed as follows:

> Did the applicant make a sufficient showing that (a) it can win on the merits (significantly better than negligible but not greater than 50%) *and* (b) will suffer irreparable harm absent a stay? If it has, we balance the relative harms considering all four factors using a 'sliding scale' approach. However, if the movant does not make the requisite showings on either of these first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and the stay should be denied without further analysis.

*Revel AC*, 802 F.3d at 571 (emphasis in text) (internal quotations and citations omitted).

### III.  ANALYSIS

As Appellees correctly point out, the two-page Stay Motion fails to even mention—let alone satisfy—the standard for imposition of a stay of the Order or the April Order. With respect to the first stay factor, Appellant asserts that a stay should be granted because Appellant intends to raise various issues on appeal, presumably in support of an argument that the Bankruptcy Court improperly denied his motion to lift the automatic stay and the Plan Injunction through entry of the April Order.

For example, Appellant disputes the Court's statements, made in the background section of the Memorandum, that (1) "[t]he COVID-19 pandemic forced the Debtors to close their clubs and halt operations for months in compliance with local and national health mandate," and

5

(2) "[t]he Debtors' prepetition efforts to address liquidity concerns–including negotiating concessions with landlords and reducing operating cost to conserve cash–ultimately proved unsuccessful." (*See* D.I. 25 at 1). According to Appellant, these two statements are somehow "contradictory" and neither reflects the "real cause" for the bankruptcy filing. (D.I. 25 at 2). Although not entirely clear, Appellant appears to argue that the Debtors' unwillingness to answer his Connecticut Action was the sole or primary cause of the Debtors' chapter 11 filing. (*See id*. at 2). It is unclear how even a successful challenge of the Court's background statements could affect the merits of Appellants' appeal regarding cause for stay relief.

Appellant also challenges the Court's "zigzagging writing structure." (*Id*.). In the background section of the Memorandum, this Court briefly outlines the events leading to the Debtors' chapter 11 filing. Appellant argues that the second paragraph of the background section—describing the Connecticut Action—should have been mentioned first because the Connecticut Action preceded the bankruptcy. Appellant ignores that the description of the Connecticut Action is preceded by the phrase "[p]rior to the chapter 11 filing." (D.I. 21 at 2). In sum, Appellants' issues with the background section of the Memorandum have little or no relevance to the Court's subsequent analysis or conclusion. Appellant falls far short of demonstrating any likelihood of success on appeal.

Appellant also fails to demonstrate irreparable injury in absence of a stay. As part of this Court's review of the Bankruptcy Court's determination that the Appellant failed to establish "cause" to modify the Automatic Stay, this Court has already determined that Appellant will not be irreparably injured absent a stay. (*See* Memorandum at 10–11 ("The Bankruptcy Court correctly determined Appellant was not prejudiced by the continued imposition of the Plan

6

Injunction.")). Indeed, the Stay Motion does not argue that any harm at all, absent a stay of the Order, will result.

The Stay Motion suffers from a fatal flaw. Seeking to preserve the status quo, Appellant does not explain how the status quo was ever altered by the entry of the Order. It was not: to the contrary, the April Order merely denied Appellant's request to modify the status quo and lift Plan Injunction. As this Court's Order maintains the status quo that existed as of entry of the April Order, there is no basis to stay or otherwise disturb it.

## IV.   CONCLUSION

Having evaluated Appellant's likelihood of success on the merits and irreparable harm absent a stay, and having determined that Appellant has failed to carry his burden as to either element, the Court is satisfied no further analysis is required. *See Revel AC*, 802 F.3d at 571. For the reasons explained above, the Court will deny the Stay Motion. An appropriate order follows.